UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81611-CIV-MARRA

MEDMARC CASUALTY INSURANCE
COMPANY, a Vermont and Virginia
Corporation,

    Plaintiff,

vs.

PINEIRO & BYRD PLLC and
THE CENTER OF BONITA SPRINGS, INC.,

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Medmarc Casualty Insurance Company's Motion to Dismiss/Strike Counterclaim (DE 17). The motion is fully briefed and ripe for review. The Court has carefully considered the briefs and is fully advised in the premises.

**Background**

The amended complaint for declaratory relief filed by Medmarc Casualty Insurance Company ("Medmarc") alleges that Pineiro & Byrd, PLLC's, ("Pineiro") predecessor in interest ("predecessor") bought a professional liability insurance policy from Medmarc for the policy period of February 28, 2008, to February 28, 2009. The Center of Bonita Springs, Inc., ("the Center") entered into a real estate exchange agreement with Pineiro's predecessor and gave the predecessor over $14 million to hold in escrow. The predecessor failed to the put the money in an interest-bearing account from December 2007 to May 2008. The Center ultimately sued the predecessor for lost interest. Medmarc is now seeking a declaratory judgment from the Court

finding that Pineiro is not covered under the professional liability policy because the predecessor's actions did not constitute "professional services" pursuant to the terms of the insurance policy.  See DE 12.

On January 19, 2011, Pineiro & Byrd, PLLC, filed a counterclaim for declaratory judgment requesting that the Court declare that it was covered under the insurance policy and requesting that the Court require Medmarc to pay any settlement or judgment entered against Pineiro, as well enforce Medmarc's duty to defend.  Medmarc filed this motion to dismiss asserting that the counterclaim is simply a mirror image of the amended complaint and is therefore redundant. (DE 17).

**Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "strike from pleading...any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions to strike are not favored, however, and are "regularly 'denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" Kenneth F. Hackett & Assocs., Inc., v. GE Capital Info. Tech., - -F. Supp.2d- -, 2010 WL 3981761, *4 (S.D.Fla. 2010)(quoting 5C Charles A. Wright & Arthur R. Miler, FEDERAL PRACTICE AND PROCEDURE, CIVIL §1382 (3d ed.2004)).

**Discussion**

Medmarc contends that the counterclaim should be dismissed because it merely mirrors the amended complaint in both its operative facts and legal issues.  Medmarc asserts that both the amended complaint and counterclaim hinge on whether the services rendered by Pineiro's predecessor constituted "professional services" as defined by the insurance policy.  Additionally, Medmarc argues that the counterclaim seeks essentially the same type of relief as the amended complaint, although it seeks a different result.

In response, Pineiro contends that it had to file the counterclaim in order to force Medmarc to act since the amended complaint contains only negative declarations.   Since the

relief Pineiro is seeking is different, it asserts its counterclaim is not a mirror image of the amended complaint.  Pineiro also argues that the Court should take into consideration that the counterclaim serves a useful purpose, that the amended complaint cannot resolve all issues by itself, and that the counterclaim is not truly redundant.

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  In deciding whether to entertain a declaratory judgment action, district courts are provided "ample" discretion.  Kerotest Mfg., Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84 (1952) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts" in their decision to adjudicate declaratory judgment claims); see MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007) ("The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so) (emphasis in original).   The Court's discretion extends to whether to sustain a declaratory judgment action when a direct action involving the same parties and the same issues has already been filed.  Knights Armament Co. v. Optical Sys. Tech., Inc., 568 F. Supp. 2d 1369, 1364-75 (M.D. Fla. 2008).  Moreover, a declaratory judgment serves to clarify the legal relations and is not for the purpose of making factual determinations. Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC, 650 F. Supp. 2d 1213, 1231 (S.D. Fla. 2009);  Eisenberg v. Standard Ins. Co., No. 09-80199, 2009 WL 1809994, at * 3 (S.D. Fla. June 25, 2009).

If a district court determines that a complaint requesting a declaratory judgment will not serve a useful purpose, the court cannot be required to proceed to the merits before dismissing the complaint. Orth-tain, Inc. v. Rocky Mountain Orthodontics, Inc., 2006 WL 3782916, *3 (N.D.Ill. 2006) (citing U.S. v. Zanfei, 353 F.Supp.2d 962, 964 (N.D.Ill. 2005)). A number of courts have dismissed counterclaims that contain repetitious issues already before the court by way of the complaint or affirmative defenses. Gratke v. Andersen Windows, Inc., 2010 WL 5439763, *2 (D.Minn. 2010). When deciding whether to dismiss a counterclaim on the basis that it is redundant, "courts consider whether the declaratory judgment serves a useful purpose." Id. at *3. To determine whether the declaratory judgment serves a useful purpose, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." Id.

In this case, the counterclaim does serve a useful purpose in that it seeks different relief from Pineiro's defenses and Medmarc's amended complaint. If Medmarc prevailed, not all issues raised by the counterclaim would be resolved. Even if the counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim. Gratke, 2010 WL 5439763 at *3.

Pineiro relies on Procentury Ins. Co. v. Harbor House Club Condo Assoc., Inc., 652 F.Supp.2d 552 (D.N.J. 2009), to support its position that the counterclaim should not be dismissed. In Procentury, the Court acknowledged that some authority supports striking a counterclaim for declaratory relief as redundant when the complaint and answer raise the same issues as the counterclaim. Id. at 556. The Court noted, however,

> In instances where the declaratory relief is based on contract interpretation, courts

are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near "mirror image" of the complaint, because a "ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically flow from that judgment that defendant's interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless that specifically requested one."

Id. at 556-557 (quoting Univ. Patents, Inc. v. Kligman, 1991 WL 165071 (E.D.Pa. 1991)).  The Court then held that, because the declaratory relief requested by each party hinged on a different interpretation of the parties' conduct and the terms of the insurance policy, the counterclaim should not be dismissed as redundant.  Id.

The Court agrees with this logic and, using its sound discretion, finds that the counterclaim should not be dismissed or stricken as redundant.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that Medmarc Casualty Insurance Company's Motion to Dismiss/Strike Counterclaim (DE 17) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County Florida, this 7th day of March, 2011.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record